

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2007

# USA v. Naranjo

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5395

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Naranjo" (2007). *2007 Decisions.* Paper 1407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5395
_____


UNITED STATES OF AMERICA,


v.

ADOLFO NARANJO,

Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Criminal No. 03-CR-00253)
District Court Judge: The Honorable James T. Giles
_____

Argued March 12, 2007

BEFORE: FUENTES, VAN ANTWERPEN, and SILER,[*] Circuit Judges.

(Filed:  March 29, 2007)

Robert Epstein (ARGUED)
Assistant Federal Defender
Elizabeth T. Hey
Assistant Federal Defender
David L. McColgin
Assistant Federal Defender

_____

[*] The Honorable Eugene E. Siler, Jr., Senior Judge for the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

Maureen Kearney Rowley
Chief Federal Defender
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 540 West – Curtis Center
601 Walnut Street
Philadelphia, PA 19106

       Counsel for Appellant


David E. Troyer (ARGUED)
Assistant United States Attorney
Robert A. Zauzmer
Assistant United States Attorney
Chief of Appeals
Patrick L. Meehan
United States Attorney
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

       Counsel for Appellee


_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge.

In March 2003, a jury convicted Adolfo Naranjo of attempt to distribute and possession with intent to distribute cocaine. Naranjo appeals the District Court's denial of his motion to suppress statements he made to federal customs agents. For the

following reasons, we will affirm.

## I.

We have previously provided the factual background of this matter and will only briefly recount the facts and relevant procedural history. See United States v. Naranjo, 426 F.3d 221 (3d Cir. 2005) (Naranjo I). In March 2003, federal agents detained and handcuffed Naranjo outside his apartment building after suspecting him of transporting cocaine. Naranjo consented to a search of his apartment where Agent Michael Rodgers told him that he was not under arrest but that agents would like to talk to him. Naranjo agreed to speak and Agent Rodgers took him to an enclosed patio downstairs.

While Naranjo was handcuffed, Agent Rodgers interrogated him at length, eliciting a number of incriminating statements. Agent Michael Fleener, who had told Naranjo before any questioning that he did not have to speak to the agents, also asked some questions during the interrogation. Rodgers eventually heard from a supervisor that Naranjo could be arrested. After Naranjo returned from a trip to the bathroom, Rodgers read him his Miranda rights. Naranjo then made more incriminating statements before being taken to a customs house.

Before trial, Naranjo moved to suppress the statements he made to the agents. The District Court held a hearing on July 29, 2003, at which the government conceded that the pre-Miranda statements were inadmissible because Naranjo had been in custody. Two days later, the parties reconvened, and the District Court denied Naranjo's motion with regard to the post-Miranda statements. The Court explained that under the standard

3

established in Oregon v. Elstad, 470 U.S. 298 (1985), Naranjo knowingly and intelligently waived his Miranda rights and then made statements voluntarily.

While Naranjo's appeal was pending before this Court, the Supreme Court issued Missouri v. Seibert, 542 U.S. 600 (2004), which addressed the admissibility of post-Miranda statements given after a suspect has already made incriminating remarks during pre-Miranda custodial interrogation. Although five Justices in Seibert concluded that the defendant's post-Miranda statements must be suppressed, the case did not produce a majority opinion. As we explained in Naranjo I, lower courts must apply the reasoning of Justice Kennedy's concurrence because it "provides the narrowest rationale for resolving the issues raised by two-step interrogations." 426 F.3d at 231. Justice Kennedy stated that "in the infrequent case . . . in which the two-step interrogation technique was used in a calculated way to undermine the Miranda warning," the test should be whether "curative measures are taken before the post-warning statement is made." Seibert, 542 U.S. at 622. When there is not a "deliberate two-step strategy," according to Justice Kennedy's concurrence, "[t]he admissibility of postwarning statements should continue to be governed by the principles of Elstad." Id.

In accordance with Seibert, we remanded to the District Court for determination of whether Agent Rodgers' failure to issue Miranda warnings was "an interrogation technique, " or instead "was inadvertent or a 'rookie mistake.'" Naranjo I, 426 F.3d at 232. The District Court held a second suppression hearing, and then denied the motion to suppress. This appeal followed, and we have jurisdiction under 28 U.S.C. § 1291. We

4

review the District Court's factual findings for clear error and we exercise plenary review over the application of law to those facts. See United States v. Perez, 280 F.3d 318, 336 (3d Cir. 2002).

## II.

After a second suppression hearing, the District Court concluded that "there was no deliberate effort by Agent Rodgers or Agent Rodgers in concert with other agents to trick Mr. Naranjo into making incriminating statements. . . . Miranda warnings were not timely given because of mistake." App. 371. This determination was not clearly erroneous.

Agents Rodgers, Fleener, Tommy Boatman, and James Stever testified at the second suppression hearing. Agent Rodgers stated that at the time of the interrogation, he did not believe he had to administer Miranda warnings until Naranjo was placed under arrest. The District Court credited this testimony, as well as the statements of other agents that they were not deliberately withholding Miranda warnings. In addition, even though proper Miranda warnings were not initially administered, the fact that Agents Rodgers and Fleener told Naranjo at the outset that he did not have to speak to them suggests that they were not employing a deliberate two-step strategy. See United States v. Street, 472 F.3d 1298, 1314 (11th Cir. 2006) ("[T]he fact that some warnings were given strongly evidences that the [question-first] tactic was not being used.").

We are distressed by the failure of the agents to issue Miranda warnings in a timely fashion. But the District Court is in the best position to assess whether this failure

was deliberate. The District Court has held two suppression hearings and has had ample opportunity to observe the demeanor of the agents and to evaluate the veracity of their testimony. We believe the Court did not err by concluding that the agents merely made a mistake.

## III.

As noted above, Elstad continues to govern the admissibility of post-Miranda statements when law enforcement has not deliberately employed a two-step strategy. Elstad instructs lower courts to determine if the post-Miranda statements were "knowingly and voluntarily made." Elstad, 470 U.S. at 309. We believe the District Court did not err in concluding that Naranjo knowingly waived his Miranda rights and then made voluntary statements to the agents.

The Elstad Court explained that courts should examine all "the surrounding circumstances and the entire course of police conduct" in determining voluntariness and noted that "[t]he fact that a suspect chooses to speak after being informed of his rights is, of course, highly probative." Id. at 318. After the first suppression hearing, the District Court noted that before they interrogated Naranjo, the agents told him that he did not have to speak to them. The Court concluded that Naranjo understood and acknowledged the Miranda warnings, and then wanted to make further statements. There is no evidence in the record that the agents used coercive tactics or referenced Naranjo's prior incriminating statements. The District Court's determination that Naranjo knowingly and voluntarily waived his Miranda rights is not clearly erroneous.

6

**IV.**

For the foregoing reasons, the District Court properly denied Naranjo's motion to suppress statements made after customs agents administered him <u>Miranda</u> warnings. Accordingly, we will affirm.