# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2012

No. 11-50729, consolidated with No. 11-50730

Lyle W. Cayce
Clerk

WILLIAM ETHRIDGE HILL,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 1:07-CV-399 & 1:07-CV-400

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant William Ethridge Hill seeks habeas relief from his state court convictions, pursuant to 28 U.S.C. § 2254. The district court denied relief. We affirm.

In 1997, Hill was convicted by a Texas state-court jury for the murder of William Allen and arson of the house in which Allen was living and found dead. Before trial, Hill moved to suppress inculpatory statements he made during an interrogation by police. Hill, Allen's former roommate, had been taken by police

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a station to be interviewed. Forty-five minutes after being placed in the interview room, Hill orally was advised only of some of his *Miranda* rights. In particular, Hill was not told that his statements could be used against him in court. Following three hours of interrogation, Hill admitted being at Allen's house the night of the fire and Allen's death and having had a physical altercation with Allen that night. Hill's statement was reduced to writing. The written statement included a complete *Miranda* warning. The trial court found the first *Miranda* warning defective, and thus excluded Hill's statements following that oral warning. Nevertheless, the court found that the second *Miranda* warning, in the written statement, adequately apprised Hill of his rights. Consequently, his written statement was admitted against him.

On appeal in the Texas courts, Hill's convictions were affirmed and his request for discretionary review was denied. Hill's habeas petitions (one for each conviction, but identical) in state court were denied, *In re Hill*, No. 981472-A, 981493-A (331st Dist. Ct., Travis County, Tex. Feb. 27, 2007), and on appeal were affirmed without written order or hearing. Hill then came to the federal courts. The district court denied Hill's habeas petitions, concluding, *inter alia*, the state court's denial of habeas was supported by a reasonable application of *Missouri v. Seibert*, 542 U.S. 600 (2004), in that the court reasonably could have found that police did not employ a deliberate "two-step" strategy for obtaining Hill's confession. *Hill v. Thaler*, No. 1:07-cv-399-JRN, at *10-13 (W.D. Tex. July 18, 2011). This timely appeal followed.

In reviewing requests for federal habeas relief, this court reviews the district court's findings of fact for clear error and its conclusions of law *de novo*, "applying the same standards to the state court's decision as did the district court." *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (internal quotation marks omitted). A petition for habeas from a state conviction is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254.

AEDPA prohibits federal habeas relief unless the state adjudication of the claim either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  AEDPA also requires the court to presume that the state court's findings of fact are correct "unless the petitioner rebuts that presumption by clear and convincing evidence." *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001) (citing 28 U.S.C. § 2254(e)(1)).  "The presumption of correctness not only applies to the explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Id.* at 948 n.11.

A state court need not cite to, nor even be aware of, applicable Supreme Court precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  Nor does this court review the reasoning of the state court.  *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc).  Rather, the court's review is limited to the "ultimate legal conclusion" of the state court.  *Id.*  The court is to determine "what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Hill's primary contention is that the state court's denial of habeas relief was inconsistent with *Seibert*.  He argues that his written inculpatory statement was the result of a deliberate "two-step" strategy, whereby the interrogating officer surreptitiously provided Hill a deficient *Miranda* warning, obtained an inculpatory oral statement, and then obtained the same inculpatory statement after a second and complete warning. Hill's contention is unavailing. Hill points to evidence that perhaps could be reconciled with a deliberate strategy. But far

more to the point, by clear and convincing evidence he has not overcome the presumption of correctness owed the determinations necessary to the state court's denial of habeas. Moreover, the officer who gave the deficient warning testified he did not have with him the standard *Miranda* warning card he ordinarily used when giving the warning.  It would not have been unreasonable for the court to find the warning's deficiency inadvert. And, any argument that the officer employed a deliberate strategy is undermined by the fact that a partial reading of *Miranda* rights was given. *United States v. Naranjo*, 223 F. App'x 167, 169 (3d Cir. 2007) (finding warning that defendant did not have to speak to officers counted against deliberateness finding); *United States v. Street*, 472 F.3d 1298, 1314 (11th Cir. 2006) (stating "[b]ecause giving any warnings undermines the effectiveness of the 'question first' tactic, the fact that some warnings were given strongly evidences that the tactic was not being used").

Hill also contends that even if the deficiency in the first *Miranda* warning was inadvertent, and consistent with *Seibert*, the second *Miranda* warning (on the written statement) was insufficient under *Oregon v. Elstad*, 470 U.S. 298, 311 (1985) (requiring "careful and thorough" administration of *Miranda* warnings when post-warning confession was preceded by a voluntary but un-warned confession). Yet, as with his *Seibert* contention, Hill has not, by clear and convincing evidence, rebutted the presumption of correctness owed the determinations necessary to the state court's denial of habeas, nor has he shown that it would be an unreasonable application of *Elstad* to find that the second warning given Hill was sufficient properly to advise Hill of his *Miranda* rights. It is undisputed that:  the written warnings included all warnings required by *Miranda*; Hill acknowledged reading the warnings; he had the opportunity to ask questions; and he agreed that he understood the warnings. Accordingly the judgment of the district court is

Nos. 11-50729 & 11-50730

AFFIRMED.[1]

---

[1] Dennis, Circuit Judge, concurs in the judgment.